IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:06-CR-45-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CHARLES THOMAS STRICKLAND, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on several pretrial motions by the Defendant. The matters have been fully briefed and are now ripe for ruling.

## BACKGROUND

Defendant, along Co-defendants Taylor and Lovin, were deputies of the Robeson County Sheriff's Office, and were indicted on violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). The indictment alleges that the criminal enterprise conducted included acts of arson, assault, theft of public funds, distribution of controlled substances and money laundering.

## ANALYSIS

I.  Motion to Dismiss Counts 1 and 2 [DE # 78]

Defendants Lovin and Strickland argue that Counts one and two of the Superseding Indictment should be dismissed for failure to allege facts necessary to support a RICO charge. To warrant dismissal of an indictment, Defendants would have to prove that the allegations therein, even if true, would not state an offense. *United States v. Hooker,* 841 F.2d 1225, 1227-

1

28 (4th Cir. 1988). Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment must be a "plain, concise, and definite written statement of the facts constituting the offense charged" and cite to the statute of the offense charged. FED. R. CRIM. P. 7(c). The facts alleged in the indictment are evaluated on their face, as no rule provides for the pretrial evaluation of the sufficiency of the Government's evidence. *United States v. Mills*, 995 F.2d 480, 487 (holding that courts lack authority to review competency or sufficiency of the evidence which forms the basis of an indictment).

Defendant argues that counts one and two must be dismissed because they fail to allege the essential element of continuity and relatedness between racketeering predicates under a RICO charge. The elements of a RICO violation are: (1) the existence of an enterprise; (2) defendant's association with that enterprise; (3) defendant's participation in that enterprise; (4) a pattern of racketeering activity; and (5) the enterprise's effect on interstate or foreign commerce. *Hooker*, 841 F.2d at 1227 (4th Cir. 1988); 18 U.S.C. § 1962(c). Further, a charge under 18 U.S.C. 1962(d) must allege an agreement to engage in racketeering acts. 18 U.S.C. § 1962(d). No binding authority exists to support Defendant's contention that continuity and relatedness must be included in the indictment, and several circuits have declared it unnecessary to allege such conduct. *See, e.g., United States v. Boylan*, 898 F.2d 230, 250 (1st Cir. 1990); *United States v. Woodman*, 980 F.2d 740 (9th Cir. 1992); *but see United States v. Diaz*, 176 F.3d 25, 93 (2d Cir. 1999); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 877 (7th Cir. 1998). The Court does not pass on whether the continuity and relatedness must be alleged in the indictment, because in this case, the Government has alleged facts sufficient to prove such conduct.

Defendants characterize the acts alleged in counts one and two of the indictment as

2

unrelated offenses committed by various defendants. Indicia of a relationship relatedness under RICO are crimes with similar purposes, results, participants, victims, methods of commission, or crimes that are otherwise interrelated, rather than isolated events. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989). Here, the named Defendants were all deputies of the Robeson County Sheriff's Office. The indictment alleges that they used their positions of authority as law enforcement officers to systematically engage in criminal activity and benefit financially. Absent their positions as law enforcement officers, Defendants would not have been able to commit the crimes alleged, such as a money laundering scheme involving a federal equitable sharing program only open to members of local law enforcement. The connection between the criminal conduct of the Defendants is their abuse of power to further criminal activity. Further, several of the acts were committed together with the other Defendants, including money laundering, satellite piracy and arson.

Continuity requires the Government to show that the criminal activity was "a closed period of repeated conduct" or "past conduct that by its nature purposed into the future with a threat of repetition." *ePlus Technology v. Aboud*, 313 F.3d 166, 182 (4th Cir. 2002). Predicate acts extending into long-term conduct satisfy this element. *H.J. Inc.*, 492 U.S. at 242. Here, the indictment alleges that the conduct occurred over a period of eight years. For example, Defendant Lovin allegedly engaged in money laundering from 2001 to 2004, and all Defendants engaged in satellite piracy from 2000 to 2003. The facts alleged are more than sufficient to allow a jury to conclude that the Defendants engaged in a closed period of continuous criminal activity, and thus satisfy the pattern of racketeering element of RICO offenses. The Motion to Dismiss Counts One and Two is DENIED.

II. Motion for Bill of Particulars [DE # 79]

The purpose of a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, is to inform the defendant of the charges against him and to minimize surprise at trial. *United States v. Butler,* 885 F.2d 195, 199 (4th Cir. 1989) (quoting *United States v. Hawkins,* 661 F.2d 436, 451 (5th Cir. 1981). It is not to be used as a discovery device or to provide detailed disclosure of the government's evidence prior to trial. *United States v. Automated Med. Labs., Inc.,* 770 F.2d 399, 405 (4th Cir. 1985). A bill of particulars is unnecessary where the indictment complies with the Fifth and Sixth Amendments by alleging the essential elements of the crime with which the defendant is charged in a manner that permits a defense and plead double jeopardy in any future prosecutions. *Hamling v. United States,* 418 U.S. 87, 117 (1974); *Butler,* 885 F.2d at 198. Here, a bill of particulars is inappropriate because the indictment provided a detailed description of the alleged criminal activity, setting out the elements of several RICO charges. Defendant's request for a bill of particulars is DENIED.

III. Motion to Require Immediate production of *Brady/Giglio* Material [DE # 80]

Defendant seeks early disclosure of all information required under the *Brady*. *Brady* evidence is that which is favorable to the accused and is material to guilt or punishment. *Brady v. Maryland,* 373 U.S. 82, 87 (1963). Although there is no time frame required, such evidence must disclosed at a time which makes the evidence of value to the accused. *Hamrick v. Bailey,* 386 F.2d 390, 363 (4th Cir. 1967). The Government indicated that it has provided ample discovery and is aware of its continuing obligations to disclose materials that fall under the *Brady* rule. Absent specific evidence that the Government has failed to meet its requirements, the Defendant's Motion is DENIED.

IV. <u>Motion for Early Production of Government Summary Financial Exhibits [DE # 81]</u>

Defendants Strickland and Lovin request production of financial summaries or charts that the Government intends to use at trial. Rule 1006 of the Federal Rules of Evidence provides that duplicates or originals of such material must be made available at a reasonable time and place. The Government indicates that it is aware of this obligation and will meet this obligation. Should the Government fail to make summaries available to the Defendants at a reasonable time and place, they will be precluded from using them at trial. Defendants' Motion is DENIED.

V. <u>Motion to Sequester Government Witnesses [DE # 82]</u>

Rule 615 of Federal Rules of Evidence mandates that the Court shall exclude witnesses so that they cannot hear the testimony of other witnesses. FED. R. EVID. 615. Excepted from this rule are parties themselves, designated representatives of corporations, a person whose presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. *Id.* at 615(2). A government investigative agent may be exempted under the rule. *United States v. Parodi,* 703 F.2d 768, 773 (4th Cir. 1983). The Government submits that the North Carolina State Bureau of Investigation, United States Secret Service and the Internal Revenue service jointly conducted the investigation in this matter, and that a representative from each should be exempted from the Rule 615 requirements. However, under exception 615(2) only one designated representative is permitted. *United States v. Farnham,* 791 F.2d 331, 334-35 (4th Cir. 1986). Accordingly, Defendant's Motion to Sequester Witnesses is GRANTED and the Government is permitted to designate one person as the investigative agent under Rule 615(2).

VI. <u>Request for Intent to Use Rule 404(b) Evidence [DE # 83]</u>

Rule 404(b) of the Federal Rules of Evidence requires that the prosecution give

5

"reasonable notice in advance of trial" of other crimes, wrongs or acts evidence that it intends to use. The Government submits that they are aware of the requirement and will provide pretrial notice of the evidence that it intends to use for 404(b) purposes. Should the Government attempt to introduce 404(b) evidence at trial, that Defendant was not notified of pretrial, and the Government has not made a showing of good cause as to why there was no pretrial notice, the evidence will be inadmissible at trial. Because the Government agrees to comply with their obligations for reasonable pretrial notice, Defendant's Motion for Notice of Intent to use 404(b) Evidence is DENIED.

In conclusion, Defendant's Motion to Dismiss Counts 1 and 2 [DE # 78] is DENIED; Motion for Bill of Particulars [DE # 79] is DENIED; Motion to Require Immediate production of *Brady/Giglio* Material [DE # 80] is DENIED; Motion for Early Production of Government Summary Financial Exhibits [DE # 81] is DENIED; Motion to Sequester Government Witnesses [DE # 82] is GRANTED and the Government is permitted to designate one person as the investigative agent under Rule 615(2); and Request for Intent to Use Rule 404(b) Evidence [DE # 83] is DENIED.

SO ORDERED, this __17__ day of January, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE